```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                   CENTRAL DIVISION at LEXINGTON
```

ONE BEACON INSURANCE COMPANY  )
                              )
    Plaintiff,                )  Civil Action No. 5:05-201-JMH
                              )
v.                            )
                              )
GERARD JOHN CHIUSOLO and      )  **MEMORANDUM OPINION & ORDER**
ORION FARMS, LLC,             )
                              )
    Defendants.               )

          \*\*   \*\*   \*\*   \*\*   \*\*

Before the Court is Plaintiff One Beacon Insurance Company's (hereinafter, "One Beacon") motion for summary judgment [Record No. 13]. Defendants Gerard John Chiusolo and Orion Farms, LLC have filed a response to that motion [Record No. 26], to which One Beacon has replied [Record No. 31].[1] Fully briefed, this matter is ripe for review.

Also before the Court is Defendants' response [Record No. 24] to the Court's order for Defendants to show cause as to why their answer should not be stricken and judgment entered against them [Record No. 12]. The Court finds that Defendants adequately showed cause why the answer should not be stricken and default judgment entered against them.

### I. Background

One Beacon issued a farm insurance policy, Policy No.

---

[1] Defendants' "Response to Plaintiff's Reply" [Record No. 33] is actually a surreply not contemplated by the local rules. Defendants have not sought permission to file such a pleading with the Court.

QG-QF55143-01 ("the Policy") to Defendant Chiusolo d/b/a Orion Farms, LLC with a policy period of May 6, 2004, to May 6, 2005. Under the Policy, Chiusolo's covered property consists of his residence, structures appurtenant to the residence, household personal property, a horse barn, and certain farm equipment. On or about October 30, 2004, a fire destroyed the horse barn on the premises of Defendant Chiusolo's Paris, Kentucky farm. Chiusolo notified One Beacon of the fire loss on or about November 1, 2004, and, thereafter, pursued a claim for coverage under the Policy.

One Beacon subsequently filed a declaratory judgment action arguing that it has no obligation to provide coverage to Chiusolo for the fire loss. One Beacon alleges that Chiusolo (1) intentionally set the fire; (2) made material and/or fraudulent misrepresentations in his insurance application; (3) failed to produce many financial documents repeatedly requested by One Beacon; and (4) failed to timely submit a sworn proof of loss to One Beacon.

## II. Standard of Review

A grant of summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden to show the absence of a

genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden is met by showing the Court that there is an absence of evidence on a material fact on which the nonmoving party has the ultimate burden of proof at trial. *Id.* at 325. The burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). A material fact is one that may affect the outcome of the issue at trial, as determined by substantive law. *Celotex*, 477 U.S. at 325.

When determining if summary judgment is proper, the Court's function is not to weigh the evidence, but to decide whether there are genuine factual issues for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Multimedia 2000, Inc. v. Attard*, 374 F.3d 377, 380 (6th Cir. 2004). A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows "that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Summers v. Leis*, 368 F.3d 881, 885 (6th Cir. 2004). The evidence should be construed in the light most favorable to the nonmoving party when deciding whether there is enough evidence to overcome summary judgment. *Anderson*, 477 U.S. at 255; *Summers*, 368 F.3d at 885. While this Court must draw all inferences in a light most favorable to nonmoving party, in this case, the defendants, summary judgment may be granted "if the record, taken as a whole, could not lead a

rational trier of fact to find for [the defendants]." *McKinnie v. Roadway Express*, 341 F.3d 554, 557 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### III. Analysis

One Beacon's first argument, that it is entitled to summary judgment because Chiusolo started the fire as a matter of law, is without merit. Although One Beacon presents evidence that the fire was intentionally set, a jury question remains as to whether Chiusolo intentionally burned the horse barn. Summary judgment will not be awarded on this ground.

Two of One Beacon's other arguments, however, present valid rationale for why this Court should grant its motion. First, One Beacon claims that because Chiusolo misrepresented on his policy application that he was permanently residing on the insured property, it has no obligation to provide coverage under the Policy. *See* KRS § 304.14-110; *Hornback v. Bankers Life Ins. Co.*, 176 S.W.3d 699, 704 (Ky. Ct. App. 2005).

The Policy reads, "[t]he entire policy will be void if, whether before or after a loss, an 'insured' has: a. intentionally concealed or misrepresented any material fact or circumstance; b. engaged in fraudulent conduct; or c. made false statements relating to this insurance." On page four of the policy application, Chiusolo checked the box marked "Yes" next to the

4

following statement: "The described insured premises are the only premises which the applicant or spouse owns, rents, operates as a farm or ranch, or maintains as a residence, other than business property: If no, explain." On page five, Chiusolo indicated that his occupancy of the "main dwelling" was permanent. One Beacon argues, and Chiusolo does not dispute, that Chiusolo resided in Kentucky for only six months out of the year, owned a home in New Jersey, and rented a home at a nearby farm.

Under KRS § 304.14-110, misrepresentations in an application for an insurance policy "shall not prevent recovery under the policy" unless the misrepresentations are "[m]aterial either to the acceptance of the risk, or to the hazard assumed by the insurer." *Id.* Furthermore, if the applicant had provided true information and the insurer "in good faith" would not have issued the policy, set the same premium rate, issued the policy in as large an amount, or "provided coverage with respect to the hazard resulting in the loss," the applicant may be prevented from recovering under the policy. *Id.*

One Beacon argues that the misrepresentations made by Chiusolo regarding his residence were material to One Beacon's decision to accept the risk of insuring his property and had Chiusolo revealed that he would not be residing on the property full time, One Beacon would have declined to insure the risk. One Beacon explains that seasonal properties pose different types of risks because the

likelihood of perils such as fire and theft increase when the property is not occupied on a full-time basis.

In response, Chiusolo submits that he did not fill out the insurance application. Instead, One Beacon's agent filled it out, Chiusolo merely glanced over the form before signing it, and he did not read through the fine print. According to Chiusolo, even though he signed the application, "he should not be held accountable for any mistakes that may have been placed upon the form by another individual." In sum, Chiusolo does not dispute that the information on the application about his residing permanently on the property was false or that it was material to One Beacon's decision to insure his property, only that he is not responsible for these misrepresentations.

It is clear that under Kentucky law, by signing the application, Chiusolo adopted the answers on the application as his own. *See Reserve Life Ins. Co. v. Thomas*, 310 S.W.2d 267, 269-70 (Ky. 1958); *Commonwealth Life Ins. Co. v. Bruner*, 185 S.W.2d 408, 410 (Ky. 1945); *Hornback*, 176 S.W.3d at 704. "When an insured misrepresents material facts on the application, the insurer is justified in denying coverage and rescinding the policy." *Hornback*, 176 S.W.3d at 705. Chiusolo is responsible for the misrepresentations in his application; as a result, summary judgment will be granted to One Beacon on the basis of these misrepresentations.

One Beacon also submits that Chiusolo did not comply with its investigation of his claim as required by the Policy. Under the heading, "Duties In The Event Of Loss Or Damage," the Policy directs the insured to do the following in the event of loss or damage to the Covered Property:

> f. As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.  Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records. . . .
> h. Send us a signed sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms. . . .
> i. Cooperate with us in the investigation or settlement of the claim.

One Beacon alleges that Chiusolo failed to produce requested documents that it claims were relevant to its investigation and failed to timely submit a sworn proof of loss.

In response to One Beacon's claim that he failed to comply with the Policy's provisions for allowing the insurer to examine his books and records, Chiusolo disputes this and claims that he made reasonable accommodations to provide One Beacon with what it requested.  Viewing these facts in the light most favorable to Chiusolo, the Court concludes that he has raised a genuine issue of material fact as to whether he complied with this directive in the Policy. As for the timeliness of the proof of loss form, however, he has not.  One Beacon first requested that Chiusolo complete and submit a signed proof of loss on or about December 21, 2004.

7

Chiusolo claims that he submitted his proof of loss form on March 3, 2005. The Policy required Chiusolo to submit a sworn proof of loss to One Beacon within sixty days of its request.

"In an action on an insurance policy, the insured must prove compliance with the policy's conditions precedent or a waiver thereof to recover under its terms." *Am. Centennial Ins. Co. v. Wiser*, 712 S.W.2d 345, 346 (Ky. Ct. App. 1986) (citing *Aetna Life Ins. Co. v. Milward*, 82 S.W. 364 (Ky. 1904)). Chiusolo does not dispute that the sworn proof of loss was submitted more than sixty days after the December 21, 2004, request. Consistent with the holding of the Kentucky Court of Appeals in *American Centennial*, Chiusolo's failure to submit a sworn proof of loss within sixty days of One Beacon's request, as required by the Policy, bars coverage as a matter of law.

In his answer, Chiusolo presented counterclaims against One Beacon for breach of contract, violations of the Kentucky Consumer Protection Act, bad faith, and punitive damages. Coverage does not exist as a matter of law; therefore, Chiusolo's counterclaims must be dismissed. Chiusolo cannot plausibly argue that One Beacon breached its contract with him to pay his insurance claim when One Beacon is not even obligated to provide coverage due to his actions. Before he can succeed on his claim that One Beacon acted in bad faith, an element of his punitive damages claim, he must first prove that One Beacon was obligated to provide coverage under

the terms of the Policy. *See Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993); *Empire Fire & Marine Ins. Co. v. Simpsonville Wrecker Serv., Inc.*, 880 S.W.2d 886 (Ky. Ct. App. 1994). Chiusolo only makes conclusory allegations and provides no facts in support of his claim that One Beacon engaged in false and misleading trade practices under KRS § 367.170. His arguments in response to One Beacon's motion for summary judgment on his counterclaims are unavailing.

### IV. Conclusion

Accordingly, and for the foregoing reasons, **IT IS ORDERED**:

(1) That the order to show cause [Record No. 12] be, and the same hereby is, **DISCHARGED**;

(2) That One Beacon's motion for summary judgment [Record No. 13] be, and the same hereby is, **GRANTED**; and

(3) That One Beacon is not liable under the Policy for any damages to Chiusolo's property arising out of the October 30, 2004, fire.

This the 13th day of June, 2007.



Signed By:
*Joseph M. Hood*
United States District Judge

9